```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 09-61617-Civ-COHN
                                 (07-60164-Cr-COHN)
                         MAGISTRATE JUDGE P. A. WHITE
EVELYN MARTICH,          :

      Movant,            :

v.                       :           REPORT OF
                                   MAGISTRATE JUDGE
UNITED STATES OF AMERICA,:

      Respondent.        :
_____
```

### Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking her conviction and sentence for mail fraud entered following a guilty plea in case no. 06-60164-Cr-Cohn.

The Court has reviewed the motion (Cv-DE#1), the government's response (Cv-DE#6), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims:

> 1. The court erred in applying an upward departure variance in her sentence, and in failing to consider the guidelines in determining the movant's sentence. (Cv-DE#1:5).
>
> 2. The court erred in failing to explain at sentencing the reasons for its upward departure. (Cv-DE#1:6).

>    3.   She was denied effective assistance of counsel, where her lawyer failed to discuss what issues and/or arguments were to be raised on appeal, and did not raise any meritorious issues on her behalf. (Cv-DE#1:8).
>
>    4.   Review is mandated by this court or a higher court in order to correct counsel's deficiencies in failing to preserve and challenge the severity of her sentence. (Cv-DE#1:9).

Although claims one and two, as listed above, could have been, but were not raised on direct appeal, the movant appears to argue that counsel was ineffective for failing to pursue the claims. A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, the movant cannot succeed on any of the claims presented because she cannot satisfy the Strickland test, so that those claims which could have been, but were not raised on direct appeal, are thereby barred from review in this collateral proceeding.

## Procedural History

The procedural history of the underlying criminal case reveals that on June 28, 2007, a twenty-two count Indictment was returned charging the movant with defrauding two small businesses. (Cr-DE#1). Specifically, the movant was charged with nineteen counts of knowingly and intentionally uttering and possessing forged

securities, in violation of 18 U.S.C. §513(a) (Counts 1-19), and three counts of mail fraud, in violation of 18 U.S.C. §1341 (Counts 20-22). (Id.).

On October 25, 2007, the movant entered into a negotiated, written plea agreement, wherein she agreed to plead guilty to Count 20 of the Indictment which charged the movant with mail fraud. (Cr-DE#23). The movant acknowledged that the sentence would be imposed by the court after considering the advisory guideline sentence. (Cr-DE#239:1-2). The movant further acknowledged that the court may depart from the applicable advisory guideline range and impose a sentence that is either more or less severe than the guideline sentence. (Id.). The movant agreed that the court was required to consider the advisory guideline sentence, but was not bound to impose such a sentence. (Id.:2). Rather, the movant acknowledged the court was permitted to tailor the ultimate sentence in light of other statutory concerns, and that the court could ultimately impose a more severe or less severe sentence than the advisory guideline sentence. (Id.:2). The movant understood that she faced a statutory maximum term of up to 20 years in prison, followed by three years supervised release. (Id.:2).

In exchange, the government agreed to dismiss all remaining counts after sentencing. (Id.:1). The government also agreed to recommend that the movant's advisory guideline range be reduced up to three levels based on her timely acceptance of responsibility. (Id.:3). The government and the movant agreed, although not binding on the probation officer or the court, that they would jointly recommend, as follows: (1) that the base offense level be 7, pursuant to U.S.S.G. §2B1.1; (2) that a twelve level increase was warranted, pursuant to U.S.S.G. §2B1.1(b)(1)(G) based on a loss of between $200,000.00 and $400,000.00; and, (3) that the base offense

level be reduced three levels based on the movant's timely acceptance of responsibility. (Id.:4).

Prior to sentencing, a PSI was prepared which reveals as follows. Pursuant to U.S.S.G. §2B1.1(a)(1), the base offense level for an offense involving fraud is a level seven. (PSI ¶16). Twelve levels were added to the base offense level because the offense involved a loss of $268,092.28. (PSI ¶17). The base offense was then reduced three levels based on the movant's timely acceptance of responsibility, resulting in a total adjusted offense level 16. (PSI ¶¶23-25).

The probation officer further determined the movant had a total of five criminal history points, resulting in a criminal history category III. (PSI ¶¶28-29). Based on a total offense level of 16 and a criminal history category III, the guideline imprisonment range was 27 to 33 months imprisonment. (PSI ¶61). Statutorily, the movant faced from a minimum of zero to a maximum of 20 years in prison for violation of 18 U.S.C. §1341. (PSI ¶58). No objections to the PSI appear to have been filed prior to sentencing.

On January 25, 2008, the movant appeared for sentencing. (Cr-DE#38). At that time, one of the victims, Nora Gugel, testified that she hired the movant in December 2003 as an office manager and to do the bookkeeping for Gugel's showroom and design office. (Id.:4). According to Gugel, she treated the movant like family, but unbeknownst to her, the movant requested and obtained an additional American Express card using Gugel's account, and charged over $80,000.00 on the account, purchasing plasma televisions, cell phones, a Cartier watch, jewelry, and the like. (Id.:5-6). The movant also wrote herself and her sister checks from Gugel's

4

business account, forging Gugel's name. (Id.:7). Because of the movant's actions, her business which initially employed over seven people, has been reduced to just two employees. (Id.:9).

After considering argument from the parties, and the movant's allocution, the court considered the advisory guidelines, as well as, the statutory factors set forth in 18 U.S.C. §3553(a). (Id.:16). In particular, as to §3553(a)(1), regarding the nature and circumstances of the offense and the history and characteristics of the movant, the court found that a 33-month sentence was insufficient punishment. (Id.:16). In so finding, the court noted:

> You [movant] have done this type of thing before. These people befriended you and your child, and you took advantage of them. I think it's horrible. And in the four and a half years that I have sat on this court, I think I've upwardly departed only one time, and that was at the government's request.
>
> Even though the government did not ask for an upward departure, I don't feel that I would be doing my job if I didn't upwardly depart under these circumstances. This is egregious. There's no excuse. These poor people's children's education fund has been taken. $268,000 was stolen from these honest, hard-working people over a two-year period.
>
> Yeah, you come before the Court now remorseful. I just don't believe you.

(Id.:16-17).

Thereafter, the movant was sentenced to a term of 72 months in prison, followed by three years supervised release, and restitution in the amount of $268,092.28. (Id:17-18; Cr-DE#).

The movant appealed, raising the sole claim[1] that her 72-month sentence for mail fraud was unreasonable in light of the statutory factors set forth in 18 U.S.C. §3553(a). On October 14, 2008, the Eleventh Circuit Court of Appeals *per curiam* affirmed the sentence in a written, but unpublished opinion. United States v. Martich, 296 Fed.Appx. 742 (11th Cir. 2008); (Cr-DE#45).

For purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case became final at the latest on January 14, 2009, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the movant's judgment on direct appeal.[2] At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than January 14, 2010. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). The movant timely filed her motion to vacate on October 1, 2009.[3] (Cv-DE#1).

### Discussion of Claims

As will be demonstrated in more detail *infra*, the movant is

---

[1] The claim is gleaned from the movant's brief on appeal, which can be found on Westlaw, a legal research database, at United States v. Martich, 2008 WL 2018166 (11th Cir. 2008), and from the written, but unpublished opinion affirming the movant's sentence. United States v. Martich, 296 Fed.Appx. 742 (11th Cir. 2008); (Cr-DE#45).

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufman, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[3] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

not entitled to vacatur on any of the claims presented.[4] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the movant due process of law. The movant therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9 Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Here, the movant challenges counsel's effectiveness for numerous reasons. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that her counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United

---

[4]As set forth succinctly in the stipulated factual proffer, the evidence against the movant was more than sufficient to support her conviction. See Cr-DE#24-Factual Proffer. The movant has not shown that the result of the proceedings would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to Strickland has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that no constitutional violations occurred. Consequently, she has failed to demonstrate that she is entitled to habeas corpus relief in this collateral proceeding.

States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). No such showing has been made here.

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not

permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984); see also, Nelson v. United States, 709 F.2d 39, 40 (11th Cir. 1983)(citing, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); United States v. Becker, 569 F.2d 951, 965 (5th Cir.), cert. denied, 439 U.S. 865 (1978), United States v. White, 524 F.2d 1249, 1254 (5th Cir. 1975), cert. denied, 426 U.S. 922 (1976).); See also Williams v. Alabama, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); Castle v. United States, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case)(sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

In her four claims, as listed above, the movant complains that the court erred in departing upward from the applicable guideline range. (Cv-DE#1:5). She argues the court did not consider the advisory guidelines, and failed to explain during sentencing the

reasons for the upward departure. (Cv-DE#6). Additionally, the movant claims her attorney was ineffective at sentencing and on appeal, for failing to consult with her regarding what meritorious issues should have been raised on her behalf, especially the challenge to the severity of her sentence. (Cv-DE#1:8-9).

First, the validity of the movant's sentence and the court's determination to upwardly depart from the applicable guideline range was raised and rejected on direct appeal. See United States v. Matrich, supra. In affirming her sentence, the Eleventh Circuit specifically found, as follows:

> Here, appellant has not shown that the district court imposed a sentence that was procedurally or substantively unreasonable. The court explicitly considered the §3553(a) factors and then elected to impose a sentence above the advisory guideline range. Because the §3553 factors support the sentence imposed, the sentence is not greater than necessary to achieve the §3553(a) goals. Further, the sentence is far below the statutory maximum for mail fraud. In sum, the district court did not abuse its discretion in imposing appellant's sentence.

United States v. Martich, 296 Fed.Appx. 742, 744 (11th Cir. 2008); (Cr-DE#45).

Therefore, the presentation of the claim in this §2255 proceeding in the guise of ineffective assistance of counsel claims adds nothing of substance which would justify a different result. See Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d

1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994); Graziano v. United States, 83 F.3d 587 (2d Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.).

As noted previously in this Report, the court did not err in departing from the advisory guideline range in fashioning the 72-month sentence imposed. Although the movant asserts that counsel was deficient for failing to consult with her regarding what precise arguments and facts should have been raised on direct appeal, she provides no factual support for this claim whatsoever. Stated differently, the movant does not identify what arguments she would have liked pursued, nor whether those claims would have been successful. Consequently, such a bare and conclusory allegation is subject to summary dismissal. Machibroda v. United States, 368 U.S. 487 (1962).

Moreover, to the extent she means to argue that appellate counsel should have pursued the arguments raised herein regarding the court's upward departure from the advisory guidelines, as discussed previously, such a challenge was raised and rejected on direct appeal. Even assuming, without deciding, that counsel was deficient for failing to raise the precise argument the movant suggests in claims one and two, as listed above, these claims are meritless, as the court explicitly stated on the record that he had considered the statutory factors and advisory guidelines, and was

departing upward as previously noted in this Report. Consequently, the movant cannot show prejudice arising from counsel's failure to pursue nonmeritorious issues on direct appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987).

It should further be noted that the sentence imposed on the movant was lawful, well below the statutory maximum, and therefore, no subject to collateral attack here. Thus, no deficient performance or prejudice pursuant to <u>Strickland</u> has been demonstrated. Consequently, the movant is entitled to no relief on her claims.

Finally, the movant's request for an evidentiary hearing on her claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. <u>See</u> <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied in its entirety.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Evelyn Martich, <u>Pro Se</u>
Reg. No. 79645-004
F.C.I. - Danbury
Route 37
Danbury, CT 06811

Jennifer A. Keene, AUSA
U.S. Attorney's Office
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394