UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61617-CIV-COHN/WHITE

EVELYN MARTICH,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE AND DISMISSING CASE

    This matter is before the Court on the Report of Magistrate Judge [DE 7] ("Report").  The Court has reviewed the Plaintiff's Motion [DE 1], the Magistrate Judge's Report, and the Plaintiff's Objection [DE 8], conducted a *de novo* review of the entire record in the case, and is otherwise advised in the premises.

    Plaintiff pled guilty in her criminal case.  Plaintiff, however, asserts that she received ineffective assistance of counsel at the sentencing phase of her criminal case.  Specifically, Plaintiff argues that the undersigned should not have given Plaintiff a sentence higher than the guidelines and that the undersigned should have given a more complete explanation for his decision to depart from the sentencing guidelines.  See generally Complaint.  Plaintiff also contends that her attorney was ineffective at sentencing and on appeal for failing to consult with her regarding what meritorious issues should have been raised on her behalf.  See id.

    First, the validity of the movant's sentence and the Court's determination to upwardly depart from the applicable guidelines was raised and rejected on direct appeal.  See United States v.Martich, 296 Fed. App'x 742, 744 (11th Cir. 2008).  Plaintiff, therefore, cannot prevail on the same argument here by framing the issue as an ineffective assistance of counsel claim.  See, e.g., Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987).

Second, although Plaintiff asserts that her counsel was deficient for failing to consult with her regarding what precise arguments and facts should have been raised on direct appeal, she provides no factual support for this claim, nor does she identify what arguments she would have liked pursued, let alone whether such arguments would have been successful.

Third, the undersigned explicitly stated on the record that he had considered the statutory factors and advisory guidelines, and was departing upward. As Plaintiff concedes in her Objection, the undersigned advised Plaintiff that Plaintiff's criminal conduct was egregious and that she did not seem remorseful. See Objection at 2. Furthermore, the Plaintiff's sentence was well below the statutory maximum. Consequently, the sentence is not subject to collateral attack.

Indeed, in her Objection, Plaintiff "is not arguing that [the undersigned] did not have the authority [to impose the sentence he did]." Id. Rather, Plaintiff merely feels the sentence was too harsh and takes exception with the undersigned's finding that she did not seem remorseful for her criminal conduct. Plaintiff also asserts in her Objection that if her attorney had handled her case differently, the outcome would have been different. Objection at 5. Plaintiff, however, has not explained in her Complaint or her Objection what her attorney could have done differently.

Accordingly, for the reasons set forth in the Report, it is **ORDERED AND ADJUDGED** as follows:

1. Judge White's Report [DE 7] is **ADOPTED**.
2. Plaintiff's Objections [DE 8] are **OVERRULED**.
3. Plaintiff's Motion [DE 1] is **DENIED**.
4. The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of July, 2010.

JAMES I. COHN
United States District Judge